# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 14-1151** (Braxton County 14-F-13)

**Linda Sue Randles, Defendant Below,
Petitioner**

**FILED**

August 31, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Linda Sue Randles, by counsel Daniel Armstrong, appeals the Circuit Court of Braxton County's October 22, 2014, order sentencing her to a term of incarceration of one to three years for threats of terrorist acts. The State of West Virginia, by counsel Laura Young, filed a response. Petitioner filed a reply. On appeal, petitioner argues that there was insufficient evidence to support her conviction.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2014, a Braxton County grand jury indicted petitioner on one count of threats of terrorist acts. This charge stemmed from an incident in which petitioner called the office of the Honorable Richard Facemire, Circuit Court Judge of the Fourteenth Judicial Circuit, regarding her granddaughter's juvenile case. Petitioner stated that her granddaughter's case was a "bunch of crap," and threatened to bomb the town of Sutton, West Virginia, if the case was not dismissed. On June 2, 2014, petitioner filed a motion to dismiss the indictment pursuant to Rule 12(b) of the West Virginia Rules of Criminal Procedure and this Court's holding in *State v. Yocum*, 233 W.Va. 439, 759 S.E.2d 182 (2014) (stating that "the requisite intent necessary to commit a statutorily-defined 'terrorist act' involves conduct aimed at the civilian population as a whole and . . . directed at a branch or level of government as a whole."). The circuit court denied petitioner's motion to dismiss by order entered July 17, 2014, finding that this case was distinguishable from *Yocum*. The circuit court held that petitioner's threat to blow up the town of Sutton would clearly result in serious injury or death, in addition to extensive property damage, and was aimed at intimidating, influencing, or otherwise coercing a branch of government. *See State v. Knotts*, 233 W.Va. 665, 760 S.E.2d 479 (2014) (stating that "[t]his type of threat to use explosives in a city in this type of manner is precisely the type of conduct that anti-terrorism statutes were designed to target.").

1

At trial, the State presented the following evidence: Ms. Jeanette Campbell, Judge Facemire's court reporter, testified that petitioner called Judge Facemire's office "ranting and ra[v]ing" about her granddaughter's case and "threatened to bomb the town of Sutton, if the case wasn't dismissed." West Virginia State Trooper Logan Mohr also testified that petitioner made a statement during a phone interview about "blowing [up] the town of Sutton." Following the presentation of the State's case-in-chief, petitioner moved for a judgment of acquittal based on the State's failure to present sufficient evidence proving intimidation toward the government. The circuit court denied petitioner's motion. During her case-in-chief, petitioner testified that if she had to come to West Virginia to find out information about her granddaughter's case, she "was going to blow the roof off the courthouse" because she was "going to raise so much [hell], that the roof would probably come off." After petitioner presented her case-in-chief, she renewed her motion for judgment of acquittal, which the circuit court denied. On June 17, 2014, the jury found petitioner guilty of one count of threats of terrorist acts. Thereafter, the circuit court sentenced petitioner to a term of incarceration of one to three years and fined petitioner $5,000, pursuant to West Virginia Code § 61-6-24. Thereafter, the circuit court suspended petitioner's sentence and placed her on probation for three years. It is from the sentencing order that petitioner now appeals.

On appeal, petitioner argues that there was insufficient evidence for the jury to convict her of threats of terrorist acts because the State failed to prove that her actions could have affected the conduct of a branch of government. She argues that the State failed to prove that her statement was likely to result in serious bodily injury because she immediately apologized for the statement and Ms. Campbell, the judge's court reporter, did not perceive any imminent danger.

With respect to the sufficiency of the evidence, this Court has held as follows:

> The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie,* 194 W.Va. 657, 461 S.E.2d 163 (1995). Additionally, we have held that

> [a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could

find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled.

Syl. Pt. 3, *id.*

Upon our review, the record on appeal does not support petitioner's argument that the evidence was insufficient to sustain a conviction. The State had the burden to prove that petitioner "knowingly and willfully threaten[ed] to commit a terrorist act." W.Va. Code § 61-6-24. West Virginia Code § 61-6-24 defines a "'terrorist act' as an act that is [l]ikely to result in serious bodily injury or damage to property . . . and intended to [a]ffect the conduct of a branch or level of government by intimidation or coercion." Here, the jury heard testimony that petitioner called Judge Facemire's office and "threatened to bomb the town of Sutton, if [her granddaughter's] case wasn't dismissed." The jury could have reasonably inferred from this testimony that bombing the town of Sutton could have resulted in serious bodily injury or property damage. Similarly, the jury could have reasonably concluded that petitioner's statement was intended to affect the judicial branch of government by intimidation or coercion because petitioner specifically stated that she would bomb the town of Sutton if her granddaughter's case was not dismissed. The fact that petitioner apologized shortly after making her statement and that there was no perceived threat is irrelevant. The statute under which petitioner was convicted does not require petitioner to specifically intend to commit the act or that someone perceive the threat as real. *See Id.* (stating that "[a]ny person who knowingly and willfully threatens to commit a terrorist act, with or *without the intent* to commit the act, is guilty of a felony[.]") (emphasis added.). Accordingly, we find that the evidence was sufficient to sustain the jury's verdict.

For the foregoing reasons, the circuit court's October 22, 2014, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: August 31, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3